## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BLEAU,<br>    *Petitioner*, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 02-CV-8093 |
| DONALD VAUGHN, *et al.*,<br>    *Respondents*. | :<br>:<br>: |

### MEMORANDUM

**PAPPERT, J.**                                                                                     **JUNE 16, 2020**

*Pro se* Petitioner Steven Bleau, a prisoner in state custody after having been convicted in 1988 of two counts of first-degree murder and related offenses, *see Commonwealth v. Bleau*, No. 2232 EDA 2017, 2018 WL 700837, at *2 (Pa. Super. Ct. Feb. 5, 2018); *Commonwealth v. Bleau*, CP-15-CR-0000443-1988 (Chester Cty. C.P.), has filed a "Motion for Independent Action for Relief Pursuant to Federal Rules of Civil Procedure 60(D)(1) & for Relief Pursuant to 60(B)(6)," a "Brief in Support of Rule 60 Motion," and a "Praecipe for Motion Pursuant to Federal Rules of Civil Proc. Rule 60(d)(1) and Rule 60(b)(6)."[1]  (*See* ECF Nos. 16-18.)  Bleau seeks to reopen the June 2004 judgment dismissing his Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  The Court dismisses the Motion.  It is an unauthorized second or successive habeas petition over which the Court lacks jurisdiction.

---

[1] Bleau also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 19), and a Prisoner Trust Fund Account Statement (ECF No. 20).  The Motion will be denied as unnecessary, as Bleau was previously granted leave to proceed *in forma pauperis* in this matter.

I

The June 2004 judgment from which Bleau seeks relief denied his habeas petition without a hearing.  (ECF No. 10.)² Bleau's Motion seeks to reopen that judgment so that he may pursue new claims challenging his convictions based on alibi evidence he discovered in 2017, which allegedly proves his actual innocence of the crimes for which he was convicted.  (*See* ECF No. 16 at 5 ("During the litigation of petitioner's first habeas corpus proceeding he didn't know the alibi evidence existed. Only recently in 2017 did he learn about the evidence.").)  Specifically, Bleau seeks to raise claims pursuant to *Brady v Maryland*, 373 U.S. 83 (1963), and for ineffective assistance of counsel based on the new evidence.  Bleau alleges that his "lack of investigative resources and experience in litigating such complex issues made it impossible for him to discover these claims and raise them in his . . . initial 2254 Habeas Corpus Petition."  (ECF No. 16 at 15; *see also* ECF No. 17 at 9 (listing claims raised in Bleau's habeas petition).)

II

A

Bleau seeks to reopen the judgment denying his initial habeas petition pursuant to Federal Rules of Civil Procedure 60(b) and 60(d)(1).  Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

---

² The Court adopts the pagination supplied by the CM/ECF docketing system.

2

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(d)(1) permits the Court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). An independent action under Rule 60(d) "should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

### B

Because this is a federal habeas action, the Court must evaluate whether Bleau's Rule 60 Motion is actually an unauthorized second or successive habeas petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals divests district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent

AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[3]  It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532.  "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.*  The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted).  Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas

---

[3] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4. A Rule 60(d) motion is subject to the same successive petition restrictions that apply to Rule 60(b) motions. *See Sharpe v. United States*, Civ. A. No. 02-771, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010); *United States v. Franklin*, Crim. No. 99-238, 2008 WL 4792168, at *3 (E.D. Pa. Oct. 31, 2008).

### III

Pursuant to 28 U.S.C. § 2244(b)(2), a federal court lacks jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) or 60(d) Motion. The threshold question before the Court is thus whether Bleau's Motion is a true Rule 60 motion, or, in reality, a successive habeas petition. The answer to this question is clear. Although he attempts to characterize his Motion as procedural, Bleau is seeking to pursue new habeas claims based on evidence he discovered in 2017, long after his habeas petition was denied. Because Bleau has not received authorization from the Court of Appeals to file another federal habeas petition to attack his judgment of sentence, the Court lacks jurisdiction to consider his new claims.[4]

An appropriate Order dismissing Bleau's Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

---

[4] Prior to filing his Motion, Bleau applied to the Third Circuit Court of Appeals to file a second or successive habeas petition based on the same evidence underlying his Motion, but his application was denied. (*See* ECF No. 15.)